UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| MOTOROLA SOLUTIONS INC, | Case No. _____ 14 CV 0206 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| XEROX BUSINESS SERVICES, LLC, | |
| Defendant. | |

Plaintiff Motorola Solutions, Inc. ("Motorola") hereby complains of defendant Xerox Business Services, LLC as follows:

## INTRODUCTION

1.    This action arises out of Defendant's breach of a Human Resources Services Agreement (the "Agreement") between Motorola and defendant's predecessor, Affiliated Computer Services, Inc. (Defendant and Affiliated Computer Services, Inc. are collectively referred to hereafter as "ACS").

2.    Pursuant to the Agreement, and among other things, ACS was required to administer a certain retirement plan (the "Plan") in accordance with the documents and instruments governing that Plan.

3.    ACS breached the Agreement, however, by miscoding eighteen (18) former employees as eligible participants when, in fact, those individuals were not eligible to receive benefits under the Plan.

4.    As a result of ACS's breach, Motorola has incurred approximately $425,000.00 in damages.

## PARTIES

5.      Motorola Solutions, Inc. ("Motorola") is a leading data communications and telecommunications provider, and was formerly known as Motorola, Inc. Motorola is a Delaware corporation with its principal place of business in Schaumburg, Illinois.

6.      Defendant Xerox Business Services, LLC is a limited liability company whose sole member is Xerox Corporation. Xerox, in turn, is a New York corporation with its principal place of business in Norwalk, Connecticut. Xerox Business Services, LLC is the predecessor-in-interest to Affiliated Computer Services, Inc., which for convenience are collectively referred to herein as "ACS" as noted above.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists because Motorola is a citizen of Illinois and Delaware, while Defendant is a citizen of Connecticut and New York as set forth above.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Xerox Corporation is a resident of the State of New York. Additionally, venue is proper in this Court pursuant to Paragraph 17.11 of the Agreement, which provides that any suit, action, or proceeding relating to the Agreement may be brought in the United States District Court for the Southern District of New York.

## FACTUAL BACKGROUND

9.      On or about December 19, 2002, the Agreement was executed by and between Motorola and Affiliated Computer Services, Inc.

2

10.     Among other things, the Agreement required ACS to govern the Plan in accordance with the documents and instruments governing the Plan, and to receive and process claims for *eligible* plan participants in accordance with the Plan documents.

11.     As of January 1, 2005, the Plan was frozen to new entrants.

12.     Despite knowing that the Plan was frozen to new entrants, however, ACS breached the Agreement by improperly coding eighteen (18) former employees as eligible to receive benefits under the Plan when in fact those employees were not eligible to receive such benefits.

13.     As a result of ACS' breach of the Agreement, Motorola has suffered approximately $425,000.000 in damages.

### ACS' REFUSAL TO MEDIATE

14.     In the event that a dispute arises between the parties, Article 11 of the Agreement provides for an escalating procedure for dispute resolution referred to in the Agreement as the "Escalation Process."

15.     The Escalation Process first requires negotiations between executives of both parties. If executive negotiations are unsuccessful, the Escalation Process then provides for the dispute to be mediated by a mutually-acceptable mediator within 45 days after written notice by one of the parties demanding mediation.

16.     After discovering ACS' aforementioned breach of the Agreement, Motorola invoked the dispute resolution procedures in Article 11 of the Agreement and negotiations between executives of both parties took place.

17.     No resolution of the dispute was reached through executive negotiation, however.

18.     Accordingly, on August 15, 2013, Motorola demanded mediation pursuant to the Escalation Process.

3

19.     Despite the dispute resolution procedures and Escalation Process set forth in the Agreement, ACS has been non-responsive to Motorola's mediation demands and/or refused to mediate the dispute as contemplated by the Agreement.

20.     The Agreement further provides that any dispute that cannot be resolved through negotiation, mediation or other form of alternative dispute resolution within three (3) months of the date of the initial demand for it by one of the parties may then be submitted to the courts for resolution.

21.     Furthermore, the Agreement provides that neither party is prevented from resorting to judicial proceedings if good faith efforts to resolve the dispute under these procedures have been unsuccessful or to avoid the expiration of any applicable statute of limitations period.

22.     Accordingly, Motorola has commenced this action to recover the damages caused by ACS' award of Plan benefits to ineligible individuals in breach of the Agreement.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT

23.     Motorola incorporates by reference and thereby re-alleges the preceding paragraphs as if fully set forth herein.

24.     The Human Resources Services Agreement between the parties is a valid and enforceable contract.

25.     Motorola has performed all of its obligations under the Agreement by, among other things, paying ACS in accordance with the Agreement for the services to be provided by ACS thereunder.

26.     ACS has breached the Agreement by awarding Plan benefits to eighteen (18) ineligible individuals.

27.     As a result of ACS' breach, Motorola has suffered approximately $425,000.00 in damages.

28.     Motorola is therefore entitled to recover damages from ACS in an amount to be proven at trial, and at least $425,000.00.

WHEREFORE, Motorola Solutions, Inc. prays that this Court award it the following relief:

a)  Damages of at least $425,000.00 for ACS' breach of the Agreement;

b)  An award of Motorola's costs and expenses;

c)  An award of prejudgment interest at a rate of nine percent per annum under New York C.P.L.R. § 5001, *et seq.*;

d)  An award of postjudgment interest pursuant to 28 U.S.C.A. § 1961(a); and

e)  Such other relief as the Court deems just and proper.

*        *        *        *

Dated: January 10, 2014

Respectfully submitted,

MOTOROLA SOLUTIONS INC.

By: _____
James B. Daniels, Esq.

James B. Daniels, Esq.
Randi-Lynn Smallheer, Esq.
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Ph: (973) 379-4800
Fax: (973) 379-7734
jdaniels@buddlarner.com
rsmallheer@buddlarner.com

John C. Gekas
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Ph: (312) 876-7100
Fax: (312) 876-0288
jgekas@arnstein.com